## John Estep v. The State.

1. EVIDENCE. — On the cross-examination of a State's witness, he admitted that a conversation had occurred between him and the defendant's father concerning the case, but denied that it was of the import indicated by the

question asked him. *Held,* that this did not warrant the State, in its re-examination of the witness, to prove that, in the conversation referred to, the defendant's father proposed to pay him not to prosecute the defendant.

2. THE "RULE." — The enforcement of the rule to sequester witnesses lies largely in the discretion of the trial court, whose action will not be revised on appeal unless an abuse of the discretion be clearly shown.

3. CHARGE OF THE COURT. — A charge was objectionable which instructed the jury to convict if they "could not account for nor explain the facts and circumstances detailed before you upon any reasonable ground consistent with the defendant's innocence."

APPEAL from the District Court of San Saba. Tried below before the Hon. W. A. BLACKBURN.

The opinion discloses the material facts. A term of two years in the penitentiary was the punishment assessed against the appellant.

*W. M. Allison* and *Townes & Burleson* filed an able brief and argument for the appellant.

*Thomas Ball,* Assistant Attorney-General, for the State.

WINKLER, J.· The appellant being on trial in the court below, charged with the theft of an animal of the neat-cattle kind, it is shown by bill of exceptions that the State offered to prove by the prosecuting witness, T. N. Montgomery, that, some time after the yearling for the theft of which the defendant was being prosecuted was killed, Sam Estep, the father of the defendant, offered to pay the prosecuting witness for the yearling, and also to pay him what it would cost him (Sam Estep) to hire a lawyer to defend the defendant, if he, said Montgomery, would not prosecute the defendant. Witness Montgomery told Sam Estep he would not ·sell himself to any man. The defendant was not present, and knew nothing of said conversation. To which proof counsel objected, on the ground that the above were declarations of a third party and made in the absence of the

defendant, and without knowledge or authority of the defendant. The defendant's objection was overruled, and the counsel took a bill of exceptions, which the judge signed, adding thereto the following explanation of his ruling : " The defendant's counsel asked said witness Montgomery if he did not have a conversation with Sam Estep at a certain time and place, in which he said he had given the defendant authority to kill the animal in dispute, and that he ought not to be prosecuted. The witness answered that he had had a conversation with Sam Estep about it, but had not used that language. Defendant's counsel asked him if he had not been paid for the beef. He answered that he had not. The district attorney asked the witness to state all that was said between him and Sam Estep in that conversation, and the court allowed him to state the balance of the conversation."

We gather from the bill of exceptions and from the explanation given by the judge that the witness, when making the statement set out in the judge's explanation, was on cross-examination, and that it was after the cross-examination had ended that the State's counsel was permitted to propound to the witness the question which drew forth the testimony to which the objection applies, and that the court supposed that the defendant's counsel had on cross-examination of the witness drawn from him some part of a conversation had between the witness Montgomery and the father of the defendant, and hence the statement in the judge's explanation to the effect that the court allowed him to state " the balance of the conversation."

As we read the record, we are constrained to say that it does not appear to us that there was any part of a conversation between the prosecuting witness and the father of the defendant drawn out on the cross-examination by the defendant from the prosecuting witness, Montgomery. On the contrary, we are of opinion that the court was under an erroneous impression as to the condition of the examination

of the witness, and that, instead of the door having been opened to the district attorney to propound the question which elicited the answer of the witness, by reason of anything drawn from the witness on his cross-examination, the testimony was independent testimony drawn out by the State as original testimony. It is true that the witness was asked if he had not had a conversation with Sam Estep, in which it was assumed that the witness had made certain statements, and the witness answered that he had had a conversation with Sam Estep about it, but had not used the language imputed to him; but it nowhere appears, even in the judge's explanation of the affair, that the witness testified as to any conversation or part of a conversation between himself and the father of the defendant. He simply said he had had a conversation with the other, but did not state any part of the conversation, and therefore there was no foundation laid for introducing proof of " the balance of the conversation."

We are of opinion that the testimony objected to was purely original proof on the part of the State, and, there being no pretence that the statements were made in the presence of the defendant, or with his consent, or by his authority, and there being no attempt at showing that there was any complicity between the defendant and his father in the perpetration of the crime with which the defendant was charged, the testimony was clearly inadmissible, and should have been excluded by the court. The rule contended for is regulated by art. 751, Code of Criminal Procedure, which the State was not in condition to invoke. The testimony was clearly hearsay, and in no way binding on or affecting the defendant. 1 Greenl. on Ev., sects. 98–100.

A case might arise in which such an error would not be deemed of sufficient importance to be seriously considered, but in a case like the present, where a conviction is largely dependent upon circumstantial evidence, we can but regard it as prejudicial to the rights of the accused.

With reference to the matter set out in the defendant's

second bill of exceptions, to the effect that the defendant proposed to place a witness on the stand who had not been placed under the rule, — the rule having been invoked by the defendant, and the other witnesses having at his instance been placed under the rule thus invoked, — which the court refused to permit, the question is one of practice, and, being so largely in the discretion and under the control of the presiding judge, this court declines to interfere, unless in a case where it is made clearly to appear, which is not done in the case before us, that the court had abused its discretion to the prejudice of the party to be affected by the ruling. *Shields* v. *The State*, 8 Texas Ct. App. 427 ; *Walling* v. *The State*, 7 Texas Ct. App. 625 ; *Ham* v. *The State*, 4 Texas Ct. App. 645, and authorities there cited ; *Jones* v. *The State*, 3 Texas Ct. App. 150.

Complaint is made of the charge of the court, but we find nothing in the charge deserving criticism, except perhaps the latter portion of the charge on circumstantial evidence, which we are of opinion might well be omitted. It is as follows : " But if you cannot account for nor explain the facts and circumstances detailed before you in this case upon any reasonable ground consistent with the defendant's innocence, then, if you cannot do this, you should convict." The judge, having charged the jury affirmatively as to what they must believe in order to convict, should not have charged negatively the other side.

Other errors assigned are not considered here, for the reason that they are either not properly presented for revision, or are such as can be corrected on another trial. But because improper testimony on the part of the State was admitted against the defendant, over objection by his counsel, and manifestly to his prejudice in the present case, the judgment will be reversed and a new trial awarded.

*Reversed and remanded.*